### BELLONBY et v GUTTMAN

Ohio Appeals, 1st Dist, Hamilton Co

No 4054.   Decided April 4, 1932

Herbert F. Koch, Cincinnati, and David V. Attig, Cincinnati, for plaintiffs in error.

Louis Weiland, Cincinnati, and John P. Strother, Cincinnati, for defendant in error.

**HAMILTON, J.**

As to the assumption of payment by Guttman, the language in the deed requiring construction is found in the warranty clause, and is as follows: The grantors "warrant and will defend the same against all claims, of all persons whomsoever, except a balance due on a first mortgage in the sum of nine thousand ($9,000.00) dollars to The Liberal Loan Company of Cincinnati, Ohio, and a second mortgage of thirty-five hundred ($3,500.00) dollars to Morris Dennis of Cincinnati, Ohio, together with taxes due and payable in June, 1927, and thereafter, which the grantee herein assumes and agrees to pay."

Plaintiffs claim that the language "which the grantee herein assumes and agrees to pay," refers to the mortgages; but defendant contends it only refers to the taxes. A casual reading of the language would lead to the conclusion that the assumption and the agreement to pay referred to the taxes payable in June, 1927 and thereafter. It could refer to the assumption of the mortgages and the language is, therefore, somewhat ambiguous and is subject to explanation.

The original contract for the exchange of the property, under which the deed in question herein was made, is in the record, and was in the form of an offer by the Bellonbys to Guttman and accepted by Guttman. The language used in the offer was:

"I hereby offer to exchange my property, located at No. 515 East Twelfth Street, Cincinnati, Ohio, subject to a first mortgage loan of Nine Thousand Dollars ($9,000.00), and a second mortgage loan of Thirty-five Hundred Dollars ($3,500.00)."

There is nothing said about the assumption and payment of these mortgages by Guttman. The offer is to exchange the properties subject to the mortgages. With reference to taxes and the covenant of warranty to be executed, we find this in the contract:

"The premises, when conveyances are made, shall be free, clear, and unincumbered, except as above provided, and except as to the taxes payable in June 1927, and thereafter, which each of said parties are to pay on the respective parcels they receive."

These provisions of the contract fully explain the meaning of the language used in the grant, which means, that the grantee assumes and agrees to pay only the taxes due and payable in June, 1927 and thereafter. So that there is no assumption and agreement to pay the mortgages.

As to the defense of res adjudicata—The record discloses that when the mortgagee brought the suit in foreclosure in case No. A10999 on the docket of the Court of Common Pleas of Hamilton County, the Bellonbys, plaintiffs in error here filed an answer and cross-petition, and, on February 28, 1929, the Court of Common Pleas in that case rendered a judgment and decree for sale. In the decree appears this finding of the court:

"The Court further finds that on the 7th day of April, 1927, the said Leonard J. Bellonby and Carolyn B. Bellonby, his wife, sold and conveyed unto Don Couden all their right, title and interest in and to said real estate, said deed being recorded in Deed Book 1429, Page 15 of the Hamilton County, Ohio, Deed Records, the said Don Couden assuming and agreeing to pay the unpaid portion of said mortgage as a part of the purchase money for said real estate."

This decree was endorsed by counsel for plaintiffs and no exception taken thereto. Plaintiffs in error now contend that Don Couden was a fictitious grantee, and that the real grantee was Guttman. If that was true, they had the opportunity to present that question and have the court ascertain the true grantee, if there was any question in that regard. With their consent, the decree was entered, finding the agreement to pay the mortgage was by Don Couden, and the plaintiffs in error cannot be heard to complain of that judgment at this late day, or to contradict the finding therein. In other words, the finding is res adjudicata of the question sought to be raised as to the true grantee.

The evidence submitted is largely in written form and by agreement of counsel. The facts are not in dispute. In effect is it for the court to determine the meaning of the written instruments. The proper interpretation of the written evidence would justify a directed verdict, and we find no error in the trial court directing a verdict and entering judgment.

The judgment is affirmed.

ROSS, PJ, and CUSHING, J, concur.